ORDER
The Little Traverse Bay Bands of Oda-wa Indians Appellate Court held a scheduling conference in the above-captioned matter on December 12, 2014. Appellants Timothy LaCroix and Phil Bellfy appeared in pro per, and Jaclyn Levine appeared for the Appellees.
The Appellate Court first considered the Appellants’ Motion for Denial of “Notice of Special Appearance” as Filed by Attorney for Defendants, dated November 13, 2014. The Appellate Court denied the motion and acknowledged that Jaclyn Levine had properly filed an appearance for the Ap-pellees.
The Appellate Court then considered the statements made by the parties and concluded that the Tribal Court record was not sufficiently developed for appellate review. The record reflects that the Appellants filed their original complaint, styled as a Motion for Immediate Injunctive Relief, on September 23, 2014. A certificate of service for each named Defendant-Ap-pellee, signed by the Plaintiff-Appellants on September 24 and received by the Tribal Court on September 25, 2014 is included, but there is no evidence that the named Defendants-Appellees ever received notice of the original summons and complaint. At the Appellate Court scheduling conference, Ms. Levine stated that her clients’ first receipt of notice of the matter occurred approximately when they received the Tribal Court’s Order of Dismissal for Lack of Subject Matter Jurisdiction, which was issued on October 2, 2014. Because of this lack of notice prior to the Order of Dismissal, the Defendant-Appel-lees did not have an opportunity to file an answer. At a minimum, due process requires that the Defendant-Appellees receive notice of any pleadings filed. This ensures that the Defendant-Appellees have an opportunity to answer and make a record before a case is dismissed, and it ensures that the Tribal Court’s disposition of the case is informed by both the petitioners’ and respondents’ arguments regarding any threshold matters raised by the parties. An Order of Dismissal issued before the responding party has an opportunity to answer risks framing the issues in ways that do not address important threshold matters that the parties intend to raise, and it puts the Appellate Court in the role of initial fact-finder rather than appellate review as to any threshold matters not addressed by the Tribal Court.
For the reasons cited above, the Appellate Court VACATES the Tribal Court’s Order of Dismissal for Lack of Subject Matter Jurisdiction dated October 2, 2014, and REMANDS the case to provide the Defendant-Appellees with time to file an answer. Once the deadline for the filing of the Defendant-Appellees answer passes, the Tribal Court shall hold any appropriate proceedings to dispose of the case.
SO ORDERED.
Chief Justice WENONA SINGEL, Justice WILLIAM DENEMY, and Justice CATHERINE CASTAGNE.